UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TAMICKO MURRAY McIVER,<br><br>                        Plaintiff,<br><br>                -against-<br><br>GENESA HOME CARE AGENCY; MASSA,<br>Owner of Genesa HHC,<br><br>                       Defendants. | 20-CV-10530 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff alleges that Genesa Home Care Agency is located in Kingston, New York. For the reasons discussed below, the Court transfers this action to the United States District Court for the Northern District of New York.

      Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And any other type of defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

      Genesa Home Care Agency is located in Kingston, Ulster County, New York, which is within the Northern District of New York. See 28 U.S.C. § 112(a). It is therefore clear that the United States District Court for the Northern District of New York is a proper venue for this action under § 1391(b)(1). Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to Plaintiff's claims arose

in this district, venue is not proper in this Court under § 1391(b)(1) or (2). Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of the order to Plaintiff and note service on the docket.

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 17, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge